Nov. Term, 1853.

THE STATE v. WATSON.

---

THE STATE v. WATSON.

Section 3 of chapter 71 of the R. S. 1843, does not make it penal to issue or put in circulation as a circulating medium, or substitute for bank notes, bills containing a promise to pay a sum of money in bank notes.

Nov. Term,
1853.

THE STATE
v.
WATSON.

Saturday,
December 31.

ERROR to the *Vigo* Circuit Court.

ROACHE, J.—Indictment against *Watson* for issuing and putting in circulation his individual bills, designed to be used as a substitute for bank notes and as a circulating medium.

The same facts are variously stated in five several counts. The bills are alleged to have been of the denominations of one, two and three dollars, and to have been "in the form of a promise to pay to *J. Marshall* or bearer, on demand, in *Indiana, Illinois,* or *Ohio* bank notes," &c.

The Circuit Court quashed the indictment, on the ground that the statute only applies to bills importing a promise to pay money, and that as the bills described promised payment of an article other than money, to-wit, in bank bills, which are not money, they were not such "bills" as were prohibited by the statute, and it was consequently no violation of the statute to issue them.

The act on which this indictment is predicated—sec. 3, c. 71, R. S. 1843, p. 1042—makes it penal "to issue or put in circulation any bills, certificates or receipts designed to be used as a circulating medium, or as a substitute for bank notes as above specified."

In order to determine the sense in which the term "bills" is used in the third section, it is necessary to examine the preceding sections of the act to which reference is made.

The first section satisfactorily explains the meaning of the words. It enacts—

That all bills, &c., issued by any individual, &c., "either in the form of certificates or receipts for the deposit of *money,* or of promises to pay the bearer, or any specific person any *sum* whatever, for the purpose of being used as a circulating medium, or as a substitute for bank notes, shall be deemed as fraudulent and absolutely void."

The third section makes it penal to issue bills which in the first section are declared void.

The bills described in the first section are only those for the payment of money. The language will admit of no other construction. Bank bills are not money. The bills set out in the indictment are not for the payment of

money, but for specified sums payable in the notes of various banks. The holder could not require of money upon them.

If the legislature had wished to prohibit the issue and circulation of bills payable in articles of value other than money, we must presume they would have employed language substantially importing such intention. The terms of this act limit the offence clearly to the issue of bills for the payment of money, and the known rules of construction preclude the giving it an interpretation beyond the plain purport of the language.

*Per Curiam.*—The judgment is affirmed.

*C. Cruft*, for the state.

*W. D. Griswold*, for the defendant.